**CLOSED**

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| GERALD TUCKER, | : | |
| Plaintiff, | : | Civil No. 09-4021 (SRC) |
| v. | : | **OPINION & ORDER** |
| NEWARK POLICE DEPARTMENT, | : | |
| Defendant. | : | |

<u>CHESLER</u>, District Judge

This matter comes before the Court upon the Amended Complaint filed by *pro se* Plaintiff Gerald Tucker ("Plaintiff" or "Mr. Tucker") on March 15, 2010. Mr. Tucker has been authorized by the Court to proceed *in forma pauperis*. The Court had accordingly reviewed his Complaint *sua sponte* as required by 28 U.S.C. § 1915(e), and for the reasons set forth in its Opinion & Order of February 17, 2010, dismissed the Complaint for failure to state a claim upon which relief could be granted. The Opinion & Order also gave Plaintiff the opportunity to cure the Complaint's deficiencies, ordering the Complaint dismissed without prejudice and with leave to file an Amended Complaint. That Amended Complaint is presently before the Court. It is also subject to screening under 28 U.S.C. § 1915(e)(2), which provides that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time" if any one of certain enumerated circumstances are present. The Court incorporates by reference the legal standard of 28 U.S.C. § 1915(e)(2), as set forth in its February 17, 2010 Opinion & Order.

While the Court has strained to understand and decipher the Amended Complaint Plaintiff has filed, the pleading is completely unintelligible. As the February 17, 2010 Opinion & Order described, the Complaint appeared to be based on the allegedly forcible removal of Mr. Tucker from a YMCA shelter in Newark, New Jersey in or about July 2009. The amended pleading contains absolutely no narrative of facts, nor can the Court discern what legal claims Plaintiff may be attempting to state. Instead, the Amended Complaint is a disjointed series of accusations that the federal, state and local government generally, as well as some hospitals, police departments, and the YMCA shelter, are in a conspiracy to cause bodily harm to Plaintiff. It is not clear whom or what he claims to be legally responsible for the following actions, but Plaintiff states that "defendants had attacked plaintiff or had begun to attack plaintiff, stabbing plaintiff on three separate occasions (1979, 1981, 2002); attempted to murder and/or inflict severe bodily harm upon the body of complainant or plaintiff." (Am. Compl. at 15.) He names as defendants the State of New Jersey, police departments, welfare offices, and others, stating that he seeks relief for the following: "poisoning Complainant, medical malpractice, aggravated assault, 'continuous conspiracy,' complicity to cripple and/or murder Complainant." (*Id.* at 8.)

Even under the liberal construction that must be afforded to pleadings filed by non-lawyers, *Haines v. Lerner*, 404 U.S. 519, 520 (1972), this Court concludes that the Amended Complaint must be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Supreme Court first construed the meaning of "frivolous" in § 1915 in *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), distinguishing legally baseless claims from factually baseless ones. The Court held that § 1915 gave courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

at 327.  The Court identified "claims describing fantastic or delusional scenarios" as factually baseless and frivolous within the meaning of § 1915. *Id.* at 328.  Applying the *Neitzke* standard in another case, the Supreme Court held that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. . . [F]rivolousness is a decision entrusted to the discretion of the court entertaining the in forma pauperis petition." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Amended Complaint's factual allegations are irrational and delusional.  Mr. Tucker believes he is the target of an ever-widening conspiracy of unidentified actors at all levels of government, in the prison system, in welfare assistance offices, and in hospitals.  The Court permitted Mr. Tucker to amend the Complaint to cure various identified deficiencies in his purported claims for civil rights violations arising out of an expulsion from a YMCA housing facility.  The Amended Complaint has gone far afield from that incident.  In sentences, and indeed thoughts, that border on the incoherent, Mr. Tucker complains of plans and, sometimes, consummated schemes to injure him, in which it appears that many of the various actors and organizations he encounters in his life are participants.  The allegations rise to the level of the wholly incredible.

This Court accordingly determines that the action is frivolous under *Denton* and *Nietzke* and, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), will dismiss the Amended Complaint.  Moreover, because Plaintiff has already been given an opportunity to remedy the deficiencies of his pleading in this action, and because the pleading before the Court does not appear to be capable of being cured by amendment, the Court will dismiss the Amended Complaint with prejudice.  *See*

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002).

Accordingly,

**IT IS** on this 14th day of December, 2010,

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the Amended Complaint be and hereby is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that this case be and hereby is **CLOSED**.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.